Ex parte Harvey Marvin
BAUM, Appellant,

v.

STATE of Texas, Appellee.

No. B14–84–583CR to B14–84–585CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1985.

Stanley Schneider, Houston, for appellant.

Winston E. Cochran, Jr., Asst. Crim. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

In three indictments appellant was accused under TEX. PENAL CODE ANN. § 31.03(c)(3) of theft by receiving. Prior to trial he filed applications for writs of habeas corpus in each cause. These were denied by the trial court. We affirm.

In the first ground of error, appellant contends that the pertinent section is unconstitutional in that it creates a mandatory presumption and thus violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 9 and 10 of Article I of the Texas Constitution. The portion of the Section to which objection is made states that a person in the business of buying or selling secondhand property is presumptively guilty of theft by receiving if he possesses stolen property valued at twenty-five dollars or more and fails to have proper records concerning it.

The constitutionality of a statute may be attacked by a pretrial application for writ of habeas corpus when it is shown that the court will rely on the statute. *See Ex Parte Crisp,* 661 S.W.2d 944 (Tex.Crim. App.1983) (en banc). The attack in *Crisp,* however, was made on a proposed amendment to a statute under which appellants were indicted.

To charge a person properly with the offense of theft by receiving stolen property, the State must allege in the charging instrument that the theft of the property has occurred, that the accused appropriated the property, and that when he appropriated it he knew it had been stolen by another. *Dennis v. State,* 647 S.W.2d 275, 280 (Tex.Crim.App.1983) (en banc). These elements were correctly alleged in the indictments before us. The presumption created in the statute does not have to be alleged in the indictment. Whether or not the presumption is applied and how it is applied are fact questions which can be decided only at trial. It has nothing to do with the indictments by which appellant is charged. Thus the constitutionality of the presumption is prematurely before this court. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends § 31.03(c)(3) is unconstitutionally vague and ambiguous. This contention is without merit. The last sentence of subsection (3)(iii) states: "It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements." TEX. PENAL CODE ANN. § 31.03(c)(3) (Vernon Supp.1984). This provision resolves any question of ambiguity. Appellant's second ground of error is overruled.

We affirm.