Barry O'Neal WILLIS, Appellant,

v.

STATE of Texas, Appellee.

No. 05–85–00569–CR.

Court of Appeals of Texas,
Dallas.

Aug. 11, 1986.

On Motion for Rehearing Dec. 30, 1986.

Rehearing Denied Dec. 31, 1986.

Charles W. Tessmer, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and HOWELL, JJ.

VANCE, Justice.

Barry O'Neal Willis appeals his conviction of theft for which the court, after a jury trial, assessed punishment at two years' confinement. The court also assessed a fine of $5,000. Appellant, contends that: (1) Texas Penal Code, section 31.03(c)(3) is unconstitutional; and (2) the trial court erred in refusing to grant appellant's requested instruction on his good faith purchase defense. We agree with appellant's contention that the trial court erred in failing to give a charge on his affirmative defense of his good faith purchase. Accordingly, for the reasons stated below, we reverse and remand the cause for a new trial. Appellant presents other grounds of error which we need not address. However, because appellant's challenge to the constitutionality of the statute affects future proceedings in this cause, we will also address this ground of error.

The evidence, viewed in the light most favorable to the jury verdict, shows that appellant, then owner of a jewelry store, on eight occasions in October 1980, purchased items of jewelry and other valuables from Dean Landrum. Landrum, who was then fifteen years old and using the alias name of Dean Drake, stole the valuables during the commission of numerous residential burglaries and sold them to appellant. Although appellant recorded the transactions with Landrum, he never asked Landrum for identification, for a warranty of ownership, or for proof of from where the merchandise came. Once, appellant told Landrum to act as if he were a customer if anyone entered the store while he was there. Appellant also asked Landrum to bring him specific items such as a silver tea service. Victor Willis, appellant's son and former employee, participated in some of the transactions with Landrum.

On October 20, 1980, Landrum burglarized the home of Alice Baker, the complaining witness. Landrum stole a coin collection and jewelry from Baker and sold these items to appellant. After Landrum was arrested, appellant was indicted for third-degree felony theft. He was accused of violating section 31.03 of the Texas Penal Code.[1] At trial, the evidence showed that appellant paid $1,600.00 for property actually worth $15,000. Appellant denies that he ever knew the merchandise was stolen and appeals his conviction.

Appellant contends that section 31.03(c)(3) is unconstitutional because it contains a presumption of law that violates his due process rights. In addition, appellant asserts that the trial court's instruction concerning the statutory presumption is likewise erroneous because it shifts the burden of proof to appellant and is a comment on the weight of evidence. We disagree.

The elements of the theft statute, section 31.03(b)(2), are: (1) a person, (2) with intent to deprive the owner, (3) appropriates property (4) which is stolen property (5) knowing it was stolen (6) by another. *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Crim. App.1983). Section 31.03(c)(3) creates a presumption that a person in the business of buying and selling used property has knowledge that the property is stolen if he pays twenty-five dollars or more and fails to maintain the required records.

Section 31.03(c)(3) provides:

(c) For purposes of subsection (b) of this section:

\* \* \* \* \* \*

(3) an actor engaged in the business of buying and selling used or secondhand personal property or lending money on

1. All references are to the Texas Penal Code unless otherwise indicated.

the security of personal property deposited with him, is presumed to know upon receipt by the actor of stolen property ... that the property has been previously stolen from another if the actor pays for or loans against the property $25 or more ... and the actor knowingly and recklessly:

(A) fails to record the name, address, and physical description or identification number of the seller or pledgor;

(B) fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

(C) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements.

The evidence shows that, although appellant gave Landrum receipts for each transaction, he did not make the records the statute requires. However, section 31.03(c)(3) must be read in conjunction with section 2.05. Section 2.05(2)(B) provides that the trier of fact *may* find the presumed fact if the underlying *facts are proven beyond a reasonable doubt, but is not required to do so.* Both sections 31.03(c)(3) and section 2.05 were presented to the jury in the form of instructions in the charge. In summary, the presumption in section 31.03(c)(3), as presented to the jury, was permissive, not mandatory.

The constitutional standard for a permissive statutory presumption is found in *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). The Court in *Ulster* set out the due process tests as follows:

When reviewing this [permissive presumption] device, the Court has required the party challenging it to demonstrate its invalidity as applied to him ...

Because this permissive presumption leaves the trier of fact free to ... reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

*Id.* at 157, 99 S.Ct. at 2224–2225 (emphasis added). The court in *Ulster* further stated that the validity of a permissive presumption rests on the record of the case, not on the face of the statute itself. *Id.* at 163, 99 S.Ct. at 2227. The court specifically stated that a party has no standing to argue that a statute is unconstitutional if applied to others in hypothetical situations (except for statutes that prohibit speech protected by the First Amendment). *Id.* at 155, 99 S.Ct. at 2223. Instead, a party must show the unconstitutionality of the statute as applied to him.

As applied to the facts of this case, the presumption of appellant's knowledge that the goods were stolen is entirely rational. Appellant was a professional in the jewelry business, not an occasional buyer. Landrum was then only fifteen years old and brought into appellant's shop merchandise valued at fifteen thousand dollars. Landrum also used an alias name in selling to appellant. The fact that appellant never asked for identification when buying valuable items from a fifteen-year old stranger supports the inference that he knew the goods were stolen. A simple request for identification would have disclosed the falsity of the alias name. Furthermore, appellant never inquired as to Landrum's ownership or means of acquiring the valuables. Instead, appellant directed Landrum to bring the other items such as a silver tea service. Also, the fact that appellant paid $1,600 for property valued at $15,000 is another circumstance that implies appellant's knowledge of the stolen property. When one purchases property from a stranger at a price far below its actual value, "that factor is evidence to believe the property was stolen." *Fillmore v. State*, 647 S.W.2d 300, 304 (Tex.App.—Corpus Christi 1982, no pet.). Especially is this true in this case, when appellant, as a professional, knew the actual value of the items.

Under these circumstances, the jury was entirely reasonable in concluding that the failure of appellant to keep the records required by section 31.03(c)(3) was due to his knowledge that the property was stolen. The application of the statutory presumption comports with the standard laid down in *Ulster* because there is a "rational connection" between the basic facts that the prosecution adduced at trial and the ultimate fact presumed (appellant's knowledge that the property was stolen). Under the circumstances of this case, the fact presumed is "more likely than not to flow from" the evidence presented at trial. *Ulster*, 442 U.S. at 166, 99 S.Ct. at 2229. Thus, the constitutional tests are met.

Appellant, however, argues that his case is analogous to the statutory presumption of knowledge in obscenity cases which have been held unconstitutional. We disagree. Materials such as magazines are presumptively protected by the First Amendment to the Federal Constitution as well as by article 1, section 8 of the Texas Constitution. *Shealy v. State*, 675 S.W.2d 215, 216 (Tex. Crim.App.1984). Therefore, knowledge of the obscene nature of a magazine cannot be established solely by a statutory presumption. *Id.* at 217. However, jewelry, coins, and other valuables are not so protected. Consequently, we evaluate the permissive statutory presumption of knowledge that goods are stolen by the less stringent standard of *Ulster*.

■ Finally, appellant argues that the instructions to the charge on the statutory presumption shifted the burden of proof so that the state was not required to prove his guilt beyond a reasonable doubt, but appellant was required to produce evidence of his innocence. In addition, appellant argues that the presumption instructions constitute a comment on the weight of evidence. We disagree. Because the instructions in the charge informed the jury that it was free to ignore the presumption of knowledge, the burden of proof was not shifted from the State to appellant. *Ulster*, 442 U.S. at 157, 99 S.Ct. at 2225. The instructions also did not affect the "reasonable doubt" standard because there is a

rational connection between the facts of this case and the presumption. *Id.* For the same reasons, the instructions were not a comment on the weight of evidence. We note that the concurring opinion addresses the issue of another defect in the charge in relationship to the presumption. This issue is not addressed in the majority opinion because it was not raised by appellant. Accordingly, we overrule this ground of error.

■ Appellant next contends that the trial court erred in refusing to grant a jury instruction on his defense of a good faith purchase. We agree. At trial appellant requested the following instruction:

There is evidence in this case that the defendant, Barry O'Neal Willis bought the property in question in good faith and had no knowledge that it had been stolen by Dean Landrum at the time he received it.

The trial court correctly refused this instruction because it constitutes an impermissible comment on the weight of evidence. It is an affirmative statement that there is evidence proving a disputed fact (i.e., that appellant purchased the goods in good faith). *Andrews v. State*, 652 S.W.2d 370, 374 (Tex.Crim.App.1983). Since the jury charge is given by the judge, there is a significant risk that the jury would interpret the above statement as an instruction for acquittal. The jury, however, is the exclusive judge of the facts and any instruction which interferes with the jury's function is properly refused. *Id.*

Appellant argues however, that even if his requested issue on his good faith purchase was defective, he was still entitled to his defensive issue because: (1) the issue of his good faith purchase defense was properly raised by his own testimony and (2) his requested issue was sufficient to call the court's attention to the necessity of including the defense in the charge. We agree.

■ At trial, appellant admitted he purchased goods from Drake, but denied any knowledge of the stolen nature of the property and knowledge of the burglaries. He testified that he would not buy anything if

he thought the items were stolen. This testimony alone is sufficient to raise the issue of a good faith purchase. *Knowles v. State*, 672 S.W.2d 478, 480 (Tex.Crim.App. 1984).

Secondly, the submission of the good faith defensive issue, though defective, was sufficient to call the court's attention to the need to charge on the issue. *Williams v. State*, 630 S.W.2d 640, 643 (Tex.Crim.App. 1982). Thus the error of its omission is preserved for our review. *Id.*

 A good faith purchase defense is not required to be included in the charge when the defendant denies any participation in the crime (i.e. the defendant denies stealing the car and contends that he purchased it in good faith). *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App. 1986). However, when a defendant acknowledges participation in the offense, his good faith purchase defense is not just a denial of the crime. It is a defense which justifies his conduct in the same manner as an affirmative defense and must be included in the charge. *Id.* at 81 n. 3. In the instant case, appellant admits buying goods from Landrum, but denies knowing the goods were stolen. Thus, his good faith purchase defense which was raised by the evidence and requested to be included in the charge was erroneously omitted by the trial court. We, therefore, sustain this ground of error, and accordingly, reverse and remand this cause to the trial court for a new trial.

Reversed and remanded.

HOWELL, Justice, concurring.

I concur that the case must be reversed and remanded. I concur that the presumption created by TEX.PEN.CODE, § 31.-03(c)(3) meets the constitutional requirements of *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). However, the charge in this case failed to caution the jury that they could not rely upon of the presumption alone and that they must aquit in the absence of substantial other evidence of knowledge on the part of the defendant that the property received by him had been stolen. Without corrobative evidence, the jury could have disbelieved all other evidence and could have convicted upon the presumption alone. A close reading of *Ulster* clearly reflects that a so called "permissive" presumption may not be employed in this manner. I believe that this proposition was sufficiently raised by appellant's brief and that it should be addressed in view of a possible re-trial.

Concerning a criminal presumption, *Ulster* has cautioned us as follows:

The value of these evidentiary devices, and their validity under the due process clause *vary from case to case*, however, depending of the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the fact finder's freedom to assess the evidence independently. Nonetheless, in criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: *the device must not undermine the fact finder's responsibility* at trial, based on evidence adduced by the State, *to find the ultimate facts beyond a reasonable doubt.*

*Ulster* at 156, 99 S.Ct. at 2224 (emphasis added).

The Supreme Court required that in analyzing a "purely permissive" presumption, "that there be ample evidence in the record other than the presumption to support a conviction," and further stated that:

The trial judge's instructions in the case below make it clear that the presumption was merely a part of the prosecution's case, that it gave rise to a permissive inference available only in certain circumstances, rather than a mandatory conclusion of possession, and that it could be ignored by the jury even if there was no affirmative proof offered by defendant in rebuttal.... In short, *the instructions plainly directed the jury to consider all the circumstances* tending to support or contradict the inference that all four occupants of the car had possession of the two loaded hand guns and to decide the matter for itself with-

out regard to how much evidence the defendants introduced.

*Ulster* at 160–162, 99 S.Ct. at 2226–2227 (emphasis added). The court proceeded to analyze the evidence and to draw distinctions between so called "mandatory" and "permissive" presumptions. The court concluded:

> Respondents' argument again overlooks the distinction between a permissive represumption on which the prosecution is entitled to rely as one not necessarily sufficient part of its proof and a mandatory presumption which the jury must accept. . . .

[I]n the former situation, the prosecution may rely on all of the evidence in the record to meet the reasonable doubt standard. There is no more reason to require a permissive statutory presumption to meet a reasonable doubt standard before it may be permitted to play any part in a trial than there is to require that degree of probative force for other relative evidence before it may be admitted. As long as it is clear that the presumption is not the sole and sufficient basis for a finding of guilt, it need only satisfy the test described in *Leary [v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) ].

*Ulster* at 166–167, 99 S.Ct. at 2229–2230.

*Ulster* does not directly address itself to the sufficiency of the charge, but it does thoroughly discuss a charge which the Supreme Court considered to be sufficient. Logic alone dictates the proposition that if appellant Willis is to be precluded from a facial attack upon the presumption in this case, he may not be convicted upon the basis of the presumption alone. The same logic dictates that the jury must be so instructed. At a new trial of this case, the jury must be charged that it may not base a finding of knowledge that the property was stolen solely upon the statutory presumption and that it must acquit unless it finds on the basis of independent corroborative evidence that the presumption, as applied to the facts of this case makes it more reasonable than not to believe that the defendant, at the time he appropriated the property, knew it to be stolen.

Nothing less than a charge to this effect will preclude the possibility that a jury will base a finding of guilty knowledge upon the presumption standing alone. *Ulster* prohibits the fact finder from doing so.

The conclusion is reinforced by examining the *Ulster* dissent, *Ulster* at 168, 99 S.Ct. at 2230, and the majority's response thereto, *Ulster* at 167, n. 29, 99 S.Ct. at 2229, n. 29. The four man dissent argued that the jury might have rejected all of the prosecution's evidence and convicted on the basis of the presumption alone. The five man majority branded this reasoning as "not plausible" and analyzed the evidence at length to illustrate that the jury could not reasonably have acted on the presumption alone.

Properly read, the *Ulster* majority presented the following analysis: (1) There was ample evidence to convict, even in the absence of the presumption; (2) The trial court carefully explained to the jury that it could not convict solely on the strength of the "permissive" presumption, and that it must acquit unless it found other credible evidence to corroborate and it affirmatively believed such evidence; And, (3) ergo, the dissenters' argument that the jury might have disbelieved the other evidence and might have convicted on strength of the presumption alone is "not plausible."

The final conclusion to be drawn from *Ulster* is that "permissive" presumptions may not be employed except under circumstances where it is "not plausible" for the jury to convict to the strength of the presumption alone. Instructions are mandatory making it clear that the presumption may not be resorted to unless the jury finds corroboration from other affirmative evidence.

ON MOTION FOR REHEARING

AKIN, Justice, concurring.

After consideration of the State's motion for rehearing, I remain convinced that a judgment of reversal correctly disposes of this case. However, I am not satisfied that our opinion clearly articulated what I now believe to be the correct rationale underly-

ing that judgment. Consequently, concurring in the overruling of the State's motion, I write to express my views.

"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex.Penal Code Ann. § 8.02(a) (Vernon 1974). Appellant was indicted pursuant to section 31.03(b)(2) which provides that an unlawful appropriation of property occurs when the accused appropriates property "knowing it was stolen by another." Tex. Penal Code Ann. § 31.03(b)(2) (Vernon Supp.1986). At trial appellant testified that he "[n]ever [had] a question in [his] mind" that the goods in question were legitimately acquired by the sellers. He explained that he believed that the sellers purchased the goods because they possessed a triple beam scale used in determining accurately the weights of precious metals and because the sellers reportedly dealt with several other businesses.

Regardless of the credibility of this testimony, I consider it to be some evidence tending to show that appellant entertained a mistaken belief as to the manner in which the sellers acquired their wares. As such, appellant was entitled to a charge on the mistake of fact defense recognized under section 8.02(a) because, if found to be true, this testimony would negate the existence of the culpable mental state required by section 31.03(b)(2). Paragraphs (c) and (d) of section 2.03 of the Penal Code and the accompanying commentary clearly mandate that, under this state of the evidence, the trial court must submit this statutory defense in its jury charge. *See, e.g., Jackson v. State*, 646 S.W.2d 225, 227 (Tex. Crim.App.1983) (held that the trial court erred in refusing to submit mistake of fact defense in its charge when raised by evidence in theft prosecution).

Indeed, the holding in *Jackson* disposes of the State's contention that appellant was not entitled to such an instruction because it merely negated an element of the offense. In *Jackson*, the court of criminal appeals responded:

> This [contention] ignores the rule that a defendant is entitled to submission of every defensive issue raised by the evidence.... To hold as requested by the State would be to strike [the mistake of fact defense] from the Penal Code.

646 S.W.2d at 227 (citation omitted). The State's reliance on the court's opinion in *Sanders v. State*, 707 S.W.2d 78, 81 (Tex. Crim.App.1986), is misplaced. In *Sanders*, the accused was charged with having burglarized a pawn shop and having stolen a guitar. The accused denied committing the burglary and explained his possession of the guitar by testifying that he bought it from another. Although I question some of the broad statements in the *Sanders* opinion,[1] the court properly upheld the trial court's refusal to submit an instruction on the issue of good faith purchase because this testimony did not raise a defense or affirmative defense recognized by the Penal Code. Instead, it simply elaborated the basis for the appellant's general contention of innocence.

Turning to Justice Vance's opinion, I can only concur in the present judgment because the opinion fails to recognize that appellant's testimony raises the defense of mistake of fact and then compounds this oversight by saying that good faith purchase is an "affirmative defense." It is not. Mistake of fact is plainly labelled as a *defense* by section 8.02(a), not an "affirmative defense." For these reasons, I cannot join in that portion of the opinion by Justice Vance disposing of appellant's second ground of error. I concur, however, in the

---

1. For instance, the court states in *Sanders* that all of the defenses in the Penal Code are in the nature of a confession and avoidance and not mere negations of a single element. 707 S.W.2d at 81. To the extent that this statement embraces at least the defenses of insanity and mistake of fact, it is patently incorrect. The commentaries to both make plain that their sole function is to negate mental culpability. Thus, I believe that the court spoke too generally in saying that no charge is required if a defense merely negates an element of the offense. I further believe that correct rule to be that such defenses need not be submitted *unless specifically recognized under the Penal Code.*

disposition of that ground for the fore-going reasons.