**Kimmala Jo McNIEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00641–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1988.

David R. Bires, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Debbie Mantooth, Asst. Dist. Atty., for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Kimmala Jo McNiel appeals from a misdemeanor conviction for theft by receiving. Appellant was originally indicted for felony theft by receiving under the provisions of Tex.Penal Code Ann. § 31.03 (Vernon Supp.1988). However, following a jury trial upon her plea of not guilty, the jury found her guilty of the lesser offense of

misdemeanor theft by receiving. The court assessed punishment at confinement in jail for a day, and a fine of $1,000.

While working at the automobile accessory store owned by her husband, appellant bought two used car seats from an individual named Ricky Taylor. Although appellant obtained the name of the seller and wrote down a description of the property, she failed to obtain a warranty of good title from the seller.

Appellant was later arrested and charged with theft by receiving the stolen car seats.

Appellant complains in her first point of error that the evidence was insufficient to support her conviction because the indictment alleged: (1) that "the property was stolen by another person whose name is unknown," and the State failed to prove that the identity of the thief was unknown to the grand jury; and (2) that the grand jury could not have ascertained his identity in the exercise of reasonable diligence.

■ Where nothing is developed at trial to suggest that an investigation by the grand jury could have ascertained the identity of the individual alleged to be unknown, there is a prima facie showing that the identity was unknown to the grand jury, thereby supporting the allegation in the indictment. *Cunningham v. State*, 484 S.W.2d 906, 911 (Tex.Crim.App.1972).

■ Here, the record is silent as to whether an investigation by the grand jury would have revealed the identity of the thief. If anything, the record leads to the conclusion that, even if the grand jury had been in possession of all the evidence developed at the trial, it still could not have determined the thief's identity. *Id.*

Appellant's first point of error is overruled.

■ In her second point of error, appellant argues that the evidence is insufficient to support the conviction because the only evidence of the value of the stolen automobile seats showed that their value was less than $200, and she was convicted of receiving stolen property with a value over $200 but less than $750.

"Value" was defined as market value, i.e., the amount of money the property in question would have sold for in cash, given a reasonable time for selling it. *Scott v. State*, 712 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1986, pet. granted).

A review of the record shows that Albert Salinas, the body shop manager of McDavid Oldsmobile, testified to both the fair market, or procurement cost, for a similar set of seats, and to their replacement value. He testified that a fair market value for used seats in good condition was from $1,500 to $2,500. Salinas was properly qualified as to his knowledge of the value of the seats and gave specific testimony concerning the matter of fair market and replacement value. *See Sullivan v. State*, 701 S.W.2d 905 (Tex.Crim.App.1986).

The record also shows that appellant paid $125 dollars for the seats.

We hold that these facts provided some evidence that the market value of the stolen property was over $200 and less than $750. The jury was free to consider all the evidence and determine the value of the property within the range of the testimony. Any rational trier of fact could have found this element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant's second point of error is overruled.

In her third point of error, appellant asserts that the trial court erred in not granting her motion for change of venue, where the State presented no evidence and offered no controverting evidence at a hearing on the motion.

■ According to the general rule, if no controverting affidavit is filed by the State, the defendant is entitled to a change of venue as a matter of law. *Stapleton v. State*, 565 S.W.2d 532 (Tex.Crim.App.1978); *Durrough v. State*, 562 S.W.2d 488 (Tex. Crim.App.1978).

■ However, it is clear that a defendant may waive a *per se* right to a change of venue. If the State has filed no controverting affidavit, and the defendant proceeds to

a hearing without objecting that there is no issue of fact to be tried and that he is thus entitled to the change as a matter of law, he waives his right to the *per se* change of venue. *McManus v. State*, 591 S.W.2d 505, 516 (Tex.Crim.App.1979).

■ Appellant did not object at this hearing that there was no fact issue and that she was entitled to the change as a matter of law. Instead, she tendered several newspaper articles to the court to support her contention that she could not get a fair trial in Harris County. She asserted that a television news program ran a story in which her husband was interviewed; however, no evidence of how she would be adversely affected was presented.

At the venue hearing, the court was therefore asked to determine, as an issue of fact, whether a change of venue should be granted because of prejudicial publicity. It was within the court's discretion to decide whether or not the alleged outside influences affecting the community's climate of opinion about appellant were so inherently suspect that the resulting probability of unfairness required suitable procedural safeguards. *Id.* at 517. Here, the court in its discretion denied the motion, and appellant has failed to demonstrate that the court abused its discretion.

Appellant's third point of error is overruled.

■ In points of error four and five, appellant attacks the sufficiency of the evidence showing that she knew the property was stolen, and that she recklessly or knowingly failed to obtain a warranty from the seller as required by law. In related points of error six and seven, appellant argues that Tex.Penal Code sec. 31.03(c)(3) is unconstitutional.

Section 31.03(c)(3) provides:
(c) For purposes of subsection (b) of this section

. . . .

(3) an actor engaged in the business of buying and selling used or secondhand personal property or lending money on the security of personal property deposited with him, is presumed to know upon receipt by the actor of stolen property ... that the property has been previously stolen from another if the actor pays for or loans against the property $25 or more ... and the actor knowingly and recklessly:

(A) fails to record the name, address, and physical description or identification number of the seller or pledgor;

(B) fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

(C) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements.

If the defendant recklessly or knowingly fails to do any one of the three separate requirements, set forth in subsections (A), (B), or (C), § 31.03(c)(3) authorizes the jury to presume that the defendant knew that the property received was stolen.

In an effort to make the statute even clearer, the legislative draftsmen included a sentence that conveys the legislative intent that the presumption arises unless the defendant does *each* of the things required by each of the three subsections. In other words, the presumption will arise unless the defendant (a) records the name, address, etc., of the seller; (b) records a complete description of the property; *and* (c) obtains a signed warranty of good title from the seller.

Although the section and concluding sentence could have been drafted in a more straightforward manner, the intent of the statute is clear: the presumption arises unless the defendant complies with each of the affirmative duties imposed by the three subsections. The statute provides fair notice of its requirements, and is not unconstitutionally vague. *Ex parte Baum*, 686 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Appellant's seventh point of error is overruled.

■ Neither is the statute unconstitutionally irrational and arbitrary as appellant contends in her sixth point. The presumption in question is permissive and not mandatory. *Willis v. State*, 724 S.W.2d 87, 89 (Tex.App.—Dallas 1986, no pet.). If the evidence shows that the defendant failed to comply with any of the affirmative obligations imposed by the statute, the jury is permitted, but not required, to presume that the defendant knew that the property was stolen. *Id.*

> [S]ec. 31.03(c)(3) must be read in conjunction with section 2.05. Section 2.05(2)(B) provides that the trier of fact *may* find the presumed fact if the underlying *facts are proven beyond a reasonable doubt, but is not required to do so....*

*Willis v. State*, 724 S.W.2d at 89. (Emphasis in original.) In our charge, as in *Willis*, the presumption of § 31.03(c)(3) was presented in conjunction with § 2.05(2)(B)'s instruction; the presumption was correctly presented to the jury as permissive, not mandatory.

■ The constitutional validity of a permissive presumption rests on the record of the case, and not on the face of the statute. *County Court v. Allen*, 442 U.S. 140, 163, 99 S.Ct. 2213, 2227, 60 L.Ed.2d 777 (1979). In attacking such a presumption on the grounds that it is unconstitutionally irrational and arbitrary, the defendant must demonstrate its invalidity as applied to him. *Id.* at 157, 99 S.Ct. at 2225. A permissive presumption is constitutional unless, under the facts of the given case, there is no rational way the trier of fact could make the connection permitted by the inference. *Id.*

■ When one purchases property from a stranger at a price far below its actual value, "that factor is evidence to believe the property was stolen." *Fillmore v. State*, 647 S.W.2d 300, 304 (Tex.App.—Corpus Christi 1982, no pet.); *Willis*, 724 S.W.2d at 89. This is especially true when the purchaser is a professional and knows the actual value of the items. *Willis*, 724 S.W.2d at 89.

Here, there was testimony that the actual value of the seats was between $1,500 and $2,500. Appellant paid $125 for the seats.

Further, appellant was a professional, as distinguished from someone not in the business of buying and selling used goods. Appellant was an owner of Longhorn Auto Accessories, having acquired a one-half interest in the company from her father. Longhorn, previously owned by both of appellant's parents, buys and sells automobile tires, wheels, hubcaps, and radios. Appellant's husband was the owner of the business at which appellant was arrested, A–C Auto Accessories.

On the facts of this case, the inference that appellant knew the seats were stolen was rationally connected to the fact that she failed to obtain the required warranty. The jury could have reasonably concluded that the reason appellant failed to obtain the warranty was precisely because she knew that the seats were stolen. *Willis* 724 S.W.2d at 90.

The statute is not unconstitutional as applied to appellant.

Appellant's sixth point of error is overruled.

Given our holdings on the constitutionality of the statute in question, the statutory presumption rested on sufficient evidence that appellant knew the property was stolen when she purchased it. *See also Fillmore*, 647 S.W.2d at 300.

Appellant's fourth point of error is overruled.

■ Also, as to the sufficiency of the evidence to support the conclusion that appellant knowingly or recklessly failed to obtain the required warranty, we note that the arresting officer testified that when he informed the appellant that such a warranty was required, she disputed her obligation to obtain such a warranty. This testimony shows a conscious, and intentional—although erroneous—decision to violate the terms of the statute. The evidence was therefore sufficient to raise the presumption and support the conviction. *See Jack-*

*son v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant's fifth point of error is overruled.

Appellant complains in her eighth point of error that the court erred in not granting a mistrial when the prosecutor, in final argument, went outside the record to state that Ricky Taylor, from whom appellant purchased the stolen property, had pleaded guilty to theft by receiving, and had been sentenced to two years in prison.

The State's argument, and defense counsel's objection, in pertinent part, are as follows:

> [PROSECUTOR]: How did Kimmala McNiel know she was buying a pair of seats that weren't stolen from Ricky Taylor? And you heard he pled guilty to two years to do on theft by receiving.
> [DEFENSE COUNSEL]: Objection. I objected to that during the ... case and—
> [THE COURT]: Objection is sustained.

Proper jury argument falls into one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to defendant's argument; or (4) a plea for law enforcement. *Gomez v. State,* 704 S.W.2d 770 (Tex.Crim. App.1985).

■ The record shows that defense counsel never objected to evidence during trial of Taylor's being arrested and charged with theft. In fact, defense counsel questioned the arresting officer about both the circumstances of Taylor's arrest, and the fact that Taylor was subsequently charged with theft by receiving.

When the prosecutor later asked the arresting officer whether Taylor pleaded guilty to the charge and received two years, defense counsel objected on the basis that the punishment assessed was irrelevant. The court sustained this objection, and instructed the jury to disregard the testimony.

In final argument, the prosecutor repeated the statement regarding Taylor's plea and punishment. Defense counsel again objected, and the court again sustained the objection. Further, the court again instructed the jury to disregard the statement.

Because the jury had already heard, without objection, testimony regarding the circumstances of Taylor's arrest on charges of theft by receiving, the statement by the prosecutor mentioning the punishment assessed added nothing of persuasive value to the State's case. Even assuming the statement could have added something to the State's proof if the jury had considered it, the objection and subsequent instruction to disregard cured any error.

We therefore hold that the argument was cured by the instruction, and that the record shows beyond a reasonable doubt that it made no contribution to the conviction or punishment. Tex.R.App.P. 81(b)(2).

Appellant's eighth point of error is overruled.

■ In her ninth point of error, appellant asserts that the trial court erred in permitting the State to introduce evidence of a prior misdemeanor conviction for failure to properly maintain business records. Appellant contends that the terms of § 31.03(c)(1) restrict the scope of other admissible violations to those occurring in connection with prosecutions for theft by receiving.

Section 31.03(c)(1) specifically provides that:

> evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent ... are raised by the actor's pleas of not guilty.

At trial, appellant testified that she was familiar with the proper paperwork that the accessory shop was required to keep by law. She testified that she "kept her paperwork up to the standards of what I thought I was to do."

The State introduced evidence that appellant had been convicted in 1984 of the misdemeanor offense of failing to keep any

records relating to a transaction involving used automobile parts.

In the exercise of its discretion, the trial court determined that the probative value of the testimony was not outweighed by any prejudicial impact, and admitted the evidence of the prior conviction. Tex.R. Crim.Evid. 403.

■ Appellant has failed to demonstrate that the court abused its discretion in making this determination. Further, even assuming that the Court erred in admitting the evidence, we hold that the record shows beyond a reasonable doubt that its admission did not contribute to appellant's conviction, or to the punishment assessed. Tex.R.App.P. 81(b)(2).

Appellant's ninth point of error is overruled.

■ Appellant asserts in her tenth point of error that the trial court erred by failing to instruct the jury on the limited admissibility of the prior misdemeanor conviction. We note that appellant made no request for any limiting instruction until after both sides had closed and argued the case. However, prior to the Court's charge, the appellant objected to the omission of a limiting instruction on the purpose of the prior conviction.

Tex.R.Crim.Evid. 105(a), upon which appellant relies, provides:

(a) When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

This rule provides a basis for the trial court to instruct the jury on the limited admissibility of certain evidence *at the time it is admitted.* The rule provides no support for the contention that error is preserved by a request for a limiting instruction made, not during the presentation of evidence, but as an objection to the court's charge.

Nonetheless, we have held that the admission of the prior conviction did not contribute to her punishment or conviction.

Even if there was error in the lack of a limiting instruction in the Court's charge, the record shows beyond a reasonable doubt that such an error did not contribute to appellant's conviction or punishment. Tex.R.App.P. 81(b)(2).

Appellant's tenth point of error is overruled.

The judgment is affirmed.