**Barry O'Neal WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00569–CR.**

Court of Appeals of Texas, Dallas.

Nov. 29, 1990.

Rehearing Denied Jan. 9, 1991.

Discretionary Review Refused April 24, 1991.

Charles Tessmer, Dallas, for appellant.

Patricia Poppoff Nable, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and THOMAS, JJ.

## OPINION ON REMAND FROM COURT OF CRIMINAL APPEALS

BAKER, Justice.

In 1985 a jury convicted Barry O'Neal Willis of theft. The court assessed punishment at two years' confinement and a $5,000 fine. The case is now before this Court on remand from the Court of Criminal Appeals. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

On original submission of the appeal, this Court considered only two of appellant's points of error. We held that section 31.-03(c)(3) of the Texas Penal Code is constitutional as applied to appellant in this case and that the trial court erred in refusing to grant appellant an instruction on his good faith purchase defense. *See Willis v. State,* 724 S.W.2d 87 (Tex.App.—Dallas 1986). The Court of Criminal Appeals granted appellant's petition for discretionary review on the constitutionality of section 31.03(c)(3) of the Texas Penal Code. That court also granted the State's petition for discretionary review on our determination that the trial court's failure to give the good faith purchase instruction was reversible error.

The Court of Criminal Appeals affirmed our decision that section 31.03(c)(3) of the Code is not unconstitutional as to appellant in this case. That court reversed our decision that the trial court erred by not submitting a good faith purchase instruction. The Court of Criminal Appeals remanded the cause for determination of "whether [appellant's] requested instruction for a good faith purchase issue was sufficient to inform the court that a proper instruction [on mistake of fact] should be given." *See Willis v. State,* 790 S.W.2d 307, 315 (Tex. Crim.App.1990). On remand, the court also instructed us to consider, if necessary, appellant's remaining unresolved points of error.

## NEED FOR A CHARGE

■ We first determine whether appellant's request for a good faith purchase defense instruction was sufficient to inform the trial court of the need for a proper instruction on mistake of fact. The State contends that since appellant's requested instruction was not a proper charge, it was not sufficient to direct the trial court's attention to an omission in the charge. The State points out that all objections to the charge and requests for additional instructions must be in writing and must specifically state the objection or the requested instruction. *See Jones v. State,*

481 S.W.2d 833, 834 (Tex.Crim.App.1972). The State contends appellant's instruction did not track the language of Penal Code section 8.02 and did not identify the statute itself by number or reference. *See* TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974).

■ Mistake of fact is a statutorily defined defense. Evidence raising the defense entitles an accused to an affirmative submission of the issue. *See* TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974); *Montgomery v. State,* 588 S.W.2d 950, 953 (Tex. Crim.App.1979). Submission of the issue is required regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, even if the trial court believes that the testimony is unbelievable. *Williams v. State,* 630 S.W.2d 640, 643 (Tex.Crim.App.1982). A defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Warren v. State,* 565 S.W.2d 931, 934 (Tex. Crim.App.1978). Here, the evidence raised the mistake of fact defense.

■ Although a specially requested charge may be defective, it may still serve to call the court's attention to the need to charge on a defensive issue. *Williams,* 630 S.W.2d at 643. In a concurring opinion on original submission, Judge Akin recognized appellant's charge request as sufficient to call the trial court's attention to the need to charge on mistake of fact. *See Willis,* 724 S.W.2d at 93 (Akin, J. concurring) (on motion for reh'g). In a case involving a theft, the Court of Criminal Appeals itself recognized a request for a good faith instruction as sufficient to alert the trial court of the need to submit a mistake of fact instruction. *See Jackson v. State,* 646 S.W.2d 225, 227 (Tex.Crim.App.1983). For these reasons, we hold that appellant's request for a good faith purchase instruction was sufficient to put the trial court on notice to incorporate a mistake of fact instruction into the charge. TEX.PENAL CODE ANN. § 8.02 (Vernon 1974); *Jackson,* 646 S.W.2d at 227; *Willis,* 724 S.W.2d at 93.

## SUFFICIENCY OF CHARGE GIVEN

■ The State argues that if we find that the trial court was on notice to submit

mistake of fact, then in the State's view the charge as submitted adequately covered such a defensive theory. The State contends that where the trial court's instruction encompasses the substance of the matters which a defendant deserves to have submitted to the jury, failure to give the defendant's *specific* requested instruction does not entitle a defendant to a reversal. *See Harrison v. State,* 630 S.W.2d 350, 353 (Tex.App.—San Antonio 1982, no pet.).

The court's charge included the following language:

> If you find from the evidence beyond a reasonable doubt that the defendant, Barry O'Neal Willis, did appropriate [property specified], but you further find from the evidence, or you have a reasonable doubt thereof that the defendant, Barry O'Neal Willis, did not then have knowledge that the property was stolen by Dean Landrum or that the defendant did not intend to deprive the owner of the property when he received it, then you will acquit the defendant, Barry O'Neal Willis, and say by your verdict not guilty.

The State contends that this language fully encompasses the mistake of fact issue and was a sufficient submission.

## HARM ANALYSIS

The abstract part of the charge did not contain the statutory definition of mistake of fact. Although technically erroneous because it did not include that definition, a reversal is not in order if the charge encompasses the substance of the mistake of fact defense. *Harrison,* 630 S.W.2d at 353. In our view, that portion of the charge previously quoted was sufficient to require the jury to find appellant not guilty if they found that he did not have knowledge that the property was stolen or if they had a reasonable doubt that he did not have knowledge that the property was stolen. This language is substantially the same as language that the Court of Criminal Appeals found would have been sufficient to charge the jury on a mistake of fact if correctly given. *See Jackson,* 646 S.W.2d at 226. We hold that the charge as given by the trial court sufficiently encompassed the substance of appellant's mistake of fact

defense. It was harmless to omit the statutory definition in the abstract portion of the charge. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We overrule appellant's fourth point of error.

## OTHER POINTS OF ERROR

In his first point of error, appellant asserts that section 31.03(c)(3) of the Texas Penal Code is unconstitutional. The Court of Criminal Appeals rejected this contention and held that section constitutional as applied to appellant. No further discussion is necessary.

In his second point of error, appellant contends the trial court erred in submitting a charge on the law of parties. Appellant complains that the charge allowed the jury to apply the presumption of knowledge to his son Victor and then find appellant responsible as a party. Appellant did not make this same objection at trial. He must show egregious harm from any possible error. *Almanza,* 686 S.W.2d at 171. That is, the error must have been so harmful that he was denied a fair and impartial trial. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). We are required to review the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the trial record as a whole. *Almanza,* 686 S.W.2d at 171.

The record shows that appellant employed his son Victor at the jewelry store approximately two months before October 1, 1980. This date was the first date that the jewelry thief, Dean Landrum, appeared to sell stolen items. Victor was just getting started in the jewelry business and was receiving training from appellant. Appellant made the decisions on the operation of the business and instructed Victor to complete and have sellers sign receipts. Victor did participate in some of Landrum's transactions at the store. Appellant testified that he was owner and operator of the store, that he was in charge of the business in October 1980 and made all policy decisions, and that Victor was doing what he

was instructed to do by appellant. Although Victor had bought stolen property from Landrum, the majority of Landrum's transactions were made with appellant.

The charge, following the paragraph explaining the knowledge presumption, specifically says, "[t]he facts giving rise to the presumption must be proven beyond a reasonable doubt. If such facts are proved beyond a reasonable doubt, you may find that the *defendant* knew the property in question ... had been previously stolen." Because the charge limits the application of the presumption to *appellant* and *his* culpable mental state, the jury could not have properly applied the presumption to Victor. The charge as submitted was not erroneous. We overrule appellant's second point of error.

■ In his third point of error, appellant contends that the trial court erred in its charge on the law of accomplice testimony. The record reflects that the trial court granted appellant's special requested instruction on the law of accomplice testimony. The court instructed the jury as to accomplice testimony in substantially the same manner as appellant requested. However, the court did not charge the jury, although included in appellant's request, that it must find Landrum's testimony to be *true* before using Landrum's testimony as evidence to convict appellant. The charge was redrafted at least twice. The State objected to appellant's requested instruction contending that it required the jury to find that Landrum's testimony was true on all points.

Once the trial court granted appellant's requested instruction, it was not powerless to amend the charge. Appellant was not entitled to have the instruction worded exactly as he requested. The charge correctly stated the law and tracked the statute. *See Cox v. State,* 494 S.W.2d 574, 575 (Tex. Crim.App.1973); *Harrison,* 630 S.W.2d at 353. The error, if any, did not injure appellant's rights and was not harmful. *See Almanza,* 686 S.W.2d at 171. We overrule appellant's third point of error.

■ In his fifth point of error, appellant contends that there was a fatal variance between the indictment and the proof at trial. The indictment alleged that appellant:

... knowingly and intentionally appropriated property, namely exercised control over [property specified] of the value of at least $200 but less than $10,000, with the intent to deprive the owner, ALICE BAKER, of the property, and the said property was stolen and the defendant did appropriate the said property knowing that the property was stolen by another, whose name and identity is DEAN LANDRUM.

Appellant contends that there is a fatal variance because there was no evidence that he knew the property was stolen from *Alice Baker* and that *Dean Landrum* stole the property.

■ When the State specifically alleges the property owner's name, it must prove that person owned the property. *Roberts v. State,* 513 S.W.2d 870, 871 (Tex. Crim.App.1974). When the State alleges specific information which is descriptive of an essential element of the offense, the State must prove the descriptive matter. *Clark v. State,* 665 S.W.2d 476, 484 (Tex. Crim.App.1984). If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain the conviction. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983).

The variance appellant asserts is that there is no evidence that he knew the property was stolen from Alice Baker and that he knew the thief was Dean Landrum. However, the indictment does not allege that appellant knew the property was stolen from Alice Baker, nor does it allege that he knew the property was stolen by Dean Landrum. The indictment tracks the statute in that it alleges, in effect, that appellant intended to appropriate the property to deprive the owner, who is Alice Baker, of the property. Likewise the indictment alleges that appellant appropriated the property that was stolen by another, who is Dean Landrum. In our view, the State was not required to prove that appellant actually knew Alice Baker and Dean Landrum were specifically involved but

merely that it was stolen property and that he knew it was stolen. We find no fatal variance between the indictment and the proof. We overrule appellant's fifth point of error.

■ In his sixth point of error, appellant contends that the trial court erred by failing to limit evidence in the charge. He argues that the trial court should have given the jury an instruction to limit its consideration of Landrum's testimony about his subsequent burglary conviction. Approximately two years after the incidents involved in appellant's indictment, Landrum was convicted of a burglary. Appellant argues that the jury's consideration of this evidence should have been limited to Landrum's credibility only. Appellant argues that the jury could have considered it for some purpose other than impeachment and that he was entitled to a limiting instruction. *See Bush v. State,* 642 S.W.2d 787, 789 (Tex.Crim.App.1982). The record reflects that the instruction appellant requested limited the jury's consideration of Landrum's subsequent burglary conviction to the weight and credibility the jury would give to his testimony. Appellant now contends that the jury should have been instructed not to consider the evidence to create an inference of guilt against appellant in proving any material facts to establish the State's case. The complaint on appeal is not the same as the one raised in the trial court. The error, if any, is waived. *Nelson v. State,* 607 S.W.2d 554, 555 (Tex.Crim.App.1980); *Hodge v. State,* 631 S.W.2d 754, 757 (Tex.Crim.App.1982). We overrule appellant's sixth point of error.

■ In his seventh point of error, appellant contends that the trial court erred by failing to define the term "rebuttal." Appellant was convicted of theft by receiving property stolen by another—possibly through the use of the presumption in section 31.03(c)(3) of the Texas Penal Code. This section creates a presumption that a person engaged in the business of buying and selling used or secondhand property had knowledge that the property was stolen by another if the person pays $25 or more and fails to maintain proper records. *See* TEX.PENAL CODE ANN. § 31.03(c)(3) (Vernon 1976). The jury was instructed in the precise terms of the statutory presumption and on the restrictions for use of other presumptions pursuant to section 2.05 of the Texas Penal Code, which makes the statutory criminal presumption rebuttable. *See* TEX.PENAL CODE ANN. § 2.05 (Vernon 1976). However, the term "rebuttable" did not appear in the charge.

During deliberations on guilt/innocence, the jury sent out a note stating: "Rebuttable Assumption—Define." The court responded by instructing the jury that "You have been given all of the law and instruction that this Court is, under the law, allowed to give you." Appellant objected and specifically requested that the court define "rebuttal." This request was denied.

■ If a term is statutorily defined, the trial court must submit the statutory definition. *See* TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon 1974); *Arline,* 721 S.W.2d at 352 n. 4. Where there is no statutory or regulatory definition of a term in a statute or regulation, courts will look to common use of the term, to its plain and ordinary meaning, unless the statute or regulation clearly indicates the drafter's intent to use the language in some other sense. *Howard v. State,* 690 S.W.2d 252, 254 (Tex. Crim.App.1985). If a word, term, or phrase has not been statutorily defined at the time of trial, the court's charge need not include a definition of the word, term, or phrase. *Mosley v. State,* 686 S.W.2d 180, 182 (Tex. Crim.App.1985). We hold the trial court is only required to submit definitions of terms that appear in the charge. We overrule appellant's point number seven.

We affirm the trial court's judgment.