Charles Ray ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01721–CR.

Court of Appeals of Texas, Dallas.

Aug. 3, 1995.

Nicholas P. Cariotis, Duncanville, for appellant.

Donald G. Davis, Assistant District Attorney, Dallas, for the State.

Before LAGARDE, MALONEY, and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Charles Ray Alexander appeals his conviction for attempted sexual performance of a child. After the jury found him guilty of the offense charged, the trial judge assessed punishment at ten years' confinement, probated for ten years, and a $300 fine. In two points of error, appellant contends the trial judge erred in (1) overruling appellant's motion for instructed verdict and (2) refusing to include a definition of "lewd exhibition of genitals" in the charge to the jury. We affirm the trial court's judgment.

## BACKGROUND

On February 10, 1991, nine-year-old S.C. was walking alongside a creek behind her mother's apartment complex when she noticed appellant walking behind her. Minutes later, S.C. slipped and fell into the creek. Appellant ran to her, grabbed her arm, and told her his name was David Anderson. Appellant then told S.C. he would pay her $150 to take off her clothes and get into the water so he could take a picture. Appellant asked her to go with him to his house so he could get his camera. Appellant told S.C. he would "be [her] boyfriend" and that he would, pointing to his lower body, show her parts she had never seen.

S.C. struck appellant with a large stick and ran to her mother's apartment. After S.C. told her mother what had happened, her

mother called the police. The police subsequently arrested appellant, and the grand jury indicted him for attempted sexual performance of a child.

## DIRECTED VERDICT

In his first point of error, appellant contends the trial judge erred in overruling his motion for directed verdict. Appellant claims the judge should have directed a verdict because the State's evidence was insufficient to support appellant's conviction. We disagree.

■ A challenge to a trial judge's ruling on a motion for directed verdict is, in reality, a challenge to the sufficiency of the evidence. *Madden v. State,* 799 S.W.2d 683, 686 (Tex. Crim.App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991); *Havard v. State,* 800 S.W.2d 195, 199 (Tex.Crim. App.1989). When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Turner v. State,* 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App. 1984). This leaves to the jury, as trier of fact, the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet. ref'd). The jury is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. TEX.CODE CRIM.PROC. ANN. art. 38.04 (Vernon 1979); *Bonham,* 680

S.W.2d at 819. Thus, the jury is free to accept or reject any or all of the evidence presented by either side. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App. 1991).

To convict a defendant for the offense of attempted sexual performance of a child, the State must show the defendant attempted to employ, authorize, or induce a child younger than seventeen years of age to engage in sexual conduct or a sexual performance. TEX. PENAL CODE ANN. § 15.01 (Vernon Supp. 1994); Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 1, 1985 Tex. Gen. Laws 2133, 2133, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3683 (current version at TEX. PENAL CODE ANN. § 43.25(b) (Vernon 1994)). Sexual performance means any "performance or part thereof that includes sexual conduct by a child younger than 17 years of age." Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 1, 1985 Tex. Gen. Laws 2133, 2133 (amended 1993). Sexual conduct is "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, or *lewd exhibition of the genitals.*" TEX. PENAL CODE ANN. § 43.25(a)(2) (Vernon 1994) (emphasis added). Performance means any "play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons." TEX. PENAL CODE ANN. § 43.25(a)(3) (Vernon 1994).

Appellant contends the evidence is insufficient to support his conviction because the State failed to show he asked S.C. to engage in a sexual performance, specifically a lewd exhibition of her genitals.[1] Although we have not found any Texas cases interpreting the meaning of the phrase "lewd exhibition of genitals" as used in the statute, several federal courts have interpreted a similar phrase

---

1. The charge in this case instructed the jury to find appellant guilty only if it found that

    [appellant] did then and there, intentionally or knowingly, knowing the content and character thereof, attempt to employ or induce a child younger than 17 years of age, if you find that she was, to-wit: [S.C.] to engage in sexual conduct or sexual performance, namely, a lewd exhibition of genitals, by asking said [S.C.] to disrobe and to pose for nude photo-

    graphs, or physically restraining the said [S.C.] or by offering to pay current money of the United States of America, to said [S.C.] to engage in said sexual conduct or sexual performance, said act or acts, amounting to more than mere preparation that tended but failed to effect the commission of the offense of [a]ttempted [s]exual [p]erformance by a [c]hild....

in connection with the federal child pornography statute. *See* 18 U.S.C.A. §§ 2251–2259 (West Supp.1995). The federal statute provides punishment for "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... sexually explicit conduct...." 18 U.S.C.A. § 2251 (West Supp.1995). Under federal law, "sexually explicit conduct" includes "lascivious exhibition of the genitals." 18 U.S.C.A. § 2256(2)(E) (West Supp.1995). Although this term varies from the phrase at issue in this case, we note that the federal statute previously defined "sexually explicit conduct" to include a *"lewd* exhibition of genitals." Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a), 92 Stat. 7, 8 (1978) (enacting 18 U.S.C. §§ 2251–2253), *amended by* Act of May 21, 1984, Pub.L. No. 98–292, §§ 5, 7(2), 98 Stat. 204, 205–206, *amended by* Act of Oct. 18, 1986, Pub.L. 99–500, Title I, § 101(b) [Title VII, § 703(a) ], 100 Stat. 1783–74, 1783–74 *amended by* Act of Oct. 30, 1986, Pub.L. No. 99–591, Title I, § 101(b) [Title VII, § 703(a) ], 100 Stat. 3341–74, 3341–74 (current version at 18 U.S.C.A. § 2256(2)(E) (1995)) (emphasis added). Federal courts have interpreted "lascivious" and "lewd" as synonymous, noting that the terms may be used interchangeably. *United States v. Long,* 831 F.Supp. 582, 587 (W.D.Ky.1993); *see United States v. Knox,* 32 F.3d 733, 748 n. 12 (3rd Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 897, 130 L.Ed.2d 782 (1995); *United States v. Wiegand,* 812 F.2d 1239, 1243–44 (9th Cir.), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

■ Under the federal statute, to determine whether a visual depiction of a child constitutes a lewd or lascivious exhibition of genitals, federal courts consider whether: (1) the focal point of the visual depiction is the child's genitalia; (2) the place or pose of the child in the photograph is sexually suggestive; (3) the child is depicted in an unnatural pose or inappropriate attire; (4) the child is fully or partially clothed or nude; (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or (6) the visual depiction is intended or designed to elicit a sexual response in the viewer. *United States v. Dost,* 636 F.Supp. 828,

832 (S.D.Cal.1986), *aff'd,* 812 F.2d 1239 (9th Cir.), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987); *see United States v. Wolf,* 890 F.2d 241, 244 (10th Cir. 1989); *United States v. Villard,* 885 F.2d 117, 122 (3rd Cir.1989); *United States v. Rubio,* 834 F.2d 442, 448 (5th Cir.1987). Several federal courts have recognized that a photograph is lascivious when "the photographer array[s] it to suit his particular lust," noting that "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles." *Wiegand,* 812 F.2d at 1244; *see Knox,* 32 F.3d at 747; *Wolf,* 890 F.2d at 245.

■ We find the reasoning of the federal decisions persuasive and, thus, adopt their interpretations of "lewd" or "lascivious" exhibition of genitals for purposes of the Texas statute. We conclude that when a child is the subject of a photograph, lewdness is not to be considered as a characteristic of the child, but rather as a characteristic of the photograph itself. Moreover, we conclude that whether the content of a photograph constitutes a lewd or lascivious exhibition of a child's genitals depends on the intent of the photographer. *See Wiegand,* 812 F.2d at 1244; *Dost,* 636 F.Supp. at 832–33.

Appellant claims the evidence is insufficient to support his conviction because the State failed to prove he asked S.C. to engage in a lewd exhibition of her genitals. Appellant contends that he did not specifically request S.C. to engage in a lewd exhibition of her genitals. Rather, he merely attempted to take a photograph of S.C. in the nude which is not an offense under the Texas Penal Code. We disagree.

■ In this particular case, appellant was charged with *attempting* to employ or induce a child to engage in a lewd exhibition of genitals. Accordingly, our focus is on appellant's intent. Intent can be inferred from acts, words, or conduct. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App. [Panel Op.] 1982); *Henderson v. State,* 825 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Thus, whether the requested photograph of S.C. was intended or de-

signed to elicit a sexual response from appellant can be inferred from appellant's acts, words, or conduct. S.C. testified that appellant asked her to take off her clothes and get in the water so he could take pictures of her. He then asked S.C. to come with him to his house to get his camera. While pointing to his lower body, appellant told her he would "show [her] some parts [she had] never seen before." Appellant said he would pay her if she would let him "be [her] boyfriend."

We conclude that this evidence, when taken together, is sufficient to allow a rational trier of fact to find beyond a reasonable doubt that appellant intended to employ or induce S.C. to engage in a sexual performance, namely a lewd exhibition of genitals. Thus, we conclude the evidence is sufficient to support appellant's conviction. The trial judge did not err in overruling appellant's motion for directed verdict. We overrule appellant's first point of error.

### REQUESTED DEFINITION

In his second point of error, appellant contends the trial judge erred in refusing to include a definition of "lewd exhibition of genitals" in the charge to the jury. Appellant claims this error requires reversal. We disagree.

■■■ If a term is statutorily defined, the trial judge must submit the statutory definition in the charge to the jury. *Willis v. State*, 802 S.W.2d 337, 342 (Tex.App.—Dallas 1990, pet. ref'd). However, if a word or phrase has not been statutorily defined, the trial judge is not required to define the word or phrase in the charge to the jury. *Andrews v. State*, 652 S.W.2d 370, 375 (Tex. Crim.App.1983); *Willis*, 802 S.W.2d at 342; *see Mosley v. State*, 686 S.W.2d 180, 182 (Tex.Crim.App.1985). In the absence of a statutory definition, words are to be taken and understood in their common and ordinary meanings. *Williams v. State*, 674 S.W.2d 315, 322 (Tex.Crim.App.1984); *see Andrews*, 652 S.W.2d at 377. Jurors are presumed to know and apply such common and ordinary meanings. *Cuevas v. State*, 742 S.W.2d 331, 346 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988).

■■ In this case, appellant was charged under section 43.25 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 43.25 (Vernon 1994). The charge instructed the jury to find appellant guilty if it found beyond a reasonable doubt that:

[appellant] ... did then and there, intentionally or knowingly, knowing the content and character thereof, attempt to employ or induce a child younger than 17 years of age ... to engage in sexual conduct or sexual performance, namely, a lewd exhibition of genitals. ...

The charge did not define the phrase "lewd exhibition of genitals." Appellant asked the trial judge to provide the jury with the following definition: "Lewd exhibition of genitals is not mere nudity in itself, because mere nudity, itself, is not obscene. There has to be something more than the mere viewing of the nude body." The trial judge denied the request.

Although appellant contends the trial judge erred in refusing his requested definition, we disagree. Section 43.25 of the Texas Penal Code does not define "lewd exhibition of genitals." Because the phrase at issue is not statutorily defined, the trial judge was not required to define the phrase in the charge to the jury. *See Andrews*, 652 S.W.2d at 375; *Willis*, 802 S.W.2d at 342. Thus, the trial judge did not err in refusing to submit appellant's requested definition. We overrule appellant's second point of error.

We affirm the trial court's judgment.