NUMBER 13-00-445-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

GUADALUPE RODRIGUEZ , Appellant,


v.



THE STATE OF TEXAS, Appellee.



 
On appeal from the 214th District Court

of Nueces County, Texas.

 

O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez



Following a jury trial, appellant, Guadalupe Rodriguez, was found guilty of murder, aggravated assault, and two counts of
engaging in organized crime. Appellant now appeals these convictions, citing two points of error: 1) the trial court erred in
failing to grant appellant's motion for mistrial upon the introduction of prejudicial testimony; and 2) the court erred in
failing to grant appellant's motion for directed verdict on the count of murder at the close of the State's case. After
reviewing the facts and the court's record, this Court affirms the judgment of the trial court.

Background

On July 4, 1998, several members of the organized crime group calling itself Raza Unida, were in a pickup truck, traveling
east on I-37, moving toward downtown Corpus Christi. One man, Issac Soliz, was shot in the neck and fell from the bed of
the truck onto the interstate highway, where he was later picked up by an ambulance. Another man, Mark Posada, was shot
and killed at close range while in or near the cab of the truck. Guadalupe "Pete" Rodriguez was indicted on four counts
related to the shooting and murder. The case proceeded to trial on April 6, 2000. Rodriguez was convicted and
subsequently filed this appeal.

Analysis

Issue One : Did the Trial Court Err in Failing to Grant a Mistrial?

Appellant contends that the trial court should have granted his motion for mistrial upon the introduction of allegedly
prejudicial information. According to Ladd v. State, a mistrial is to be utilized when "error is so prejudicial that
expenditure of further time and expense would be wasteful and futile. . .,when an impartial verdict cannot be reached."Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert. denied 529 U.S. 1070 (2000). A mistrial is to be granted when
"improper evidence or comment is clearly prejudicial to the defendant," making it almost impossible to erase the
impression left on the jurors. Mathews v. State, 40 S.W. 3d 179, 183 (Tex. Civ. App. -Texarkana 2001, pet. ref'd). A trial
court's denial of a mistrial is reviewed under an abuse of discretion standard. Ladd, 3 S.W. 3d at 567; State v. Gonzalez,
855 S.W. 2d 692, 696 (Tex. Crim. App. 1993). Under this standard, we will reverse "only when the trial judge's decision
was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." Gonzalez, 855 S.W. 2d at
696; Cantu v. State, 842 S.W. 2d 667, 682 (Tex. Crim. App. 1992). Accordingly, we will only reverse the trial court's
decision here if the supposedly improper question was plainly so prejudicial to the defendant that no reasonable person
could be expected to deem its admission as fair.

The crux of appellant's complaint lies in the prosecutor's questioning of Officer Randy Ford regarding threats made by
members of the Raza Unida gang against the prosecutor's life. The testimony in question proceeded as follows:

 


 Do you know of any information, other than those particular, I guess, members that are either killed or missing, or Issac
Soliz and Rudy Contreras, do you know whether-do you know whether or not anyone else has been threatened by that
particular gang?



 


 I'm aware of several ongoing things. I would rather not be specific in nature, but there are continuing threats not related
to this case.



 


 Okay. Do you have any information regarding me?



 


 Yes, sir, I am [sic]. 



 


 That there was a threat against my life; is that correct?



 


 That's correct, sir. 


At this point in the testimony, defense counsel objected to the relevancy of the line of questioning and was overruled. The
prosecutor continued:

 


 As far as Jesse Casso; Jessie Hernandez, also known as "Bumpy;" Jason Luna, also known as "Sapo;" Ismael Salazar,
also know as "Smiley;" and Tomas Torrez, also known as "Chapa," do you know those people to be members of Raza
Unida?



 


 Yes, sir, they are.



 


 Do you know whether or not that only one person has prosecuted those individuals?



 


 Yes, sir.



 


 Who is that?



 


 You, Mr. Sales.



 


 OK, do you have information whether Pete Rodriguez-- 


Here defense counsel objected again and, after a brief off-the-record bench conference, the jury was sent out of the room.
Appellant then moved for a mistrial, stating that the prosecutor had "interjected himself as a witness, as a party to [the]
lawsuit by asking [Officer Ford] whether he [the prosecutor] is a target. . . ." No mention is made of the testimony being
prejudicial or inflammatory; however, in his brief, appellant argues that this line of questioning was improper, because it
made the prosecutor a prospective witness; it was prejudicial to the appellant; it was inflammatory; and it may have
influenced the jury's opinion of appellant to his detriment. 

The Texas Rules of Appellate Procedure state that "[a]s a prerequisite to presenting a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely request, objection or motion that stated the
grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial
court aware of the complaint. . . ." Tex. R. App. P. 33.1(a); Sattiewhite v. State, 786 S.W.2d 27, 28 (Tex. Crim. App.
1989). While appellant did lodge an objection to the officer's testimony, he failed to object on all of the specific grounds
alluded to in his appellate brief. First, appellant objected on relevancy grounds; then, he moved for mistrial based on the
fact that the testimony had improperly introduced the prosecutor into the trial as a witness. The record does not reflect an
objection to the inflammatory or prejudicial nature of the question. Because appellant did not object on these grounds, they
are not preserved for review and we can not address whether the State's questions were inflammatory or prejudicial. Tex.
R. App. P. 33.1. However, because appellant timely and specifically objected to the impropriety of the questions on the
grounds that the testimony had improperly introduced the prosecutor into the trial as a witness, we will review this issue.

Appellant argues that the examination of Officer Ford by the prosecutor, concerning threats made on the prosecutor's life,
injected the prosecutor as a witness in the case. The State responds that the questions asked did not indicate that the
prosecutor had any personal knowledge of the threats on his life, and therefore, he was not a witness. The State further
responds that the questions were meant to demonstrate the bias of certain gang members, who were to be defense witnesses
later in the trial.

Rule 3.08 of the disciplinary rules of professional conduct provides that a lawyer generally shall not accept or continue
employment in an adjudicatory proceeding if he believes that he may be a necessary witness to establish an essential fact on
behalf of his client. Tex. Disciplinary R. Prof'l Conduct 3.08(a) (1989), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G
app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). However, an alleged disciplinary rule violation by an opposing party
does not require reversal of a conviction unless the defendant can show that the alleged violation affected his substantial
rights or deprived him of a fair trial. House v. State, 947 S.W.2d 251, 252 (Tex. Crim. App. 1997). Therefore, we need not
determine whether the State's conduct violated a disciplinary rule, but only whether appellant has shown actual prejudice
therefrom. Id. The principal concern in this context is the possible confusion for the trier of fact as to whether statements
by an advocate-witness should be taken as evidence or argument. Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 4.
However, Rule 3.08 is an ethical standard, and is not well suited as a standard for procedural disqualification. Id. cmt. 9. In
addition, it should not be used as a tactical weapon. Id. cmt. 10. Moreover, Rule 3.08 operates to disqualify lawyers from
acting as counsel, not as a witness. House v. State, 909 S.W.2d 214, 217 (Tex. App.--Houston [14th Dist.] 1995),aff'd, 947
S.W.2d 251 (Tex. Crim. App. 1997). As such, our focus is the alleged violation of substantial rights.
In the present case, we recognize that Officer Ford's testimony indicated that the prosecutor was possibly a witness to an
ancillary issue in the case, i.e., the bias of certain defense witnesses. However, there is nothing in the record to reflect that
the prosecutor had personal knowledge of the "essential facts" relating to the elements of the underlying offenses. Officer
Ford simply provided information that members of the Raza Unida gang had allegedly threatened the prosecutor's life. This
information was provided on the basis of Officer Ford's own knowledge. We further note that the prosecutor was never
actually called to give testimony in this case. Under these circumstances, we are not persuaded that the questions posed to
Officer Ford affected appellant's substantial rights or deprived him of a fair trial. Accordingly, we find that the trial court
did not abuse its discretion in denying the motion for mistrial. We overrule issue one.

Issue Two: Did the Trial Court Err in Failing to Grant a Directed Verdict



In his second issue, appellant argues that the trial court erred in failing to grant his request for a directed verdict on the
murder count at the conclusion of the State's case in chief. A challenge to a trial judge's ruling on a motion for directed
verdict is really a challenge to the legal sufficiency of the evidence. Madden v. State, 799 S.W.2d, 683, 686 (Tex. Crim.
App. 1990); Alexander v. State, 906 S.W. 2d 107, 109 (Tex. App.-Dallas, 1995, no pet.). Therefore, we view the evidence
in the light most favorable to the verdict, examining whether any reasonable juror could have found the essential elements
of the crime to exist beyond a reasonable doubt. Alexander, 906 S.W.2d at 109; C.D.F. v. State, 852 S.W.2d 281, 284
(Tex. App.-Dallas 1993, no writ). 

The charge of murder includes intentionally or knowingly causing the death of an individual or intending to cause serious
bodily injury and committing an act clearly dangerous to human life which causes the death of an individual. Tex. Pen.
Code Ann. §19.02(b)(1), (b)(2) (Vernon Supp. 2001). Appellant argues that the State failed to prove the elements of the
offense beyond a reasonable doubt because the primary link between the appellant and the death of Mark Posada was the
testimony of Rudy Contreras, an ex-member of the Raza Unida gang. At trial, appellant objected to this portion of
Contreras's testimony as hearsay, arguing that Contreras was repeating the out-of-court statements of others in order to
prove the truth of the matter asserted. See Tex. R. Evid. 801(d). The trial court sustained, in part, appellant's objection and
limited the admissibility of these statements to the conspiracy counts. However, even without the excluded portions of
Contreras's testimony, we find legally sufficient evidence to support the appellant's conviction.

In addition to testifying as to what outside parties told him, Contreras testified as to statements made by appellant.
According to the record, Contreras relayed how appellant discussed how "they" had to "take out the hit," how "they" had
discussed the murder of Mark Posada, why "they" had shot Mark Posada, and admitted to shooting Issac Soliz. Appellant
did not object to this testimony. A reasonable juror could have found that appellant's statements indicated that he knew of
the impending murder of Posada and assisted in its commission. This knowledge, coupled with the evidence that both
appellant and Posada were in the truck where the murder occurred, that appellant had a gun in his possession, and
appellant's admission that he shot Issac Soliz, constitutes more than a scintilla of evidence to support appellant's conviction.
We find that the trial court was correct in its decision to deny appellant's request for a directed verdict. Issue two is
overruled.

The judgment of the trial court is AFFIRMED. 

 

ROGELIO VALDEZ

Chief Justice



Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.