# 817-15

ⓘ

ORIGINAL

26 June 2015

Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

Re: Petition for Discretionary Review / Filed within 30 days
of June 2, 2015.

FILED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

Inmate Jacob Rowan
# 1948042
3899 State Highway 98
New Boston, Texas 75570

## Petition for Discretionary Review (PDR)

26 June 2015

Jacob Lane Rowan

On memorandum opinion from Court of Appeals, fifth District of ~~Dallas~~ Texas at Dallas. No. 05-14-01310-CR

On appeal from the 397th Judicial District Court

Grayson County, Texas

Trial Court Cause No. 063943

I, Jacob Lane Rowan was wrongfully found guilty of six charges of child pornography and sentenced to six 10 year sentences with five of them run consecutively for a total of fifty years.

In first issue, I showed the evidence is legally insufficient to support my convictions. The court of appeals in Dallas claims they view evidence in the light ~~of the~~ most favorable to the verdict, and with that view have purposely failed to properly research my appeal.

In State's exhibit 5 they claim a young female is manipulating her genitals which is obviously impossible with the hand on the outside of genital and not touching the inside.

They say my argument that the photographs are incapable of depicting masturbation because such action

requires movement is rejectable because photographs of race horses that ~~finish~~ cross the finish line clearly depict movement although they are still photographs. However, photographs of horses racing is obvious they are in motion, and is not to be prepared to the delicate, unsure, serious matter such as this case.

It is obvious the fingers were not moving while the exhibit 4 and 5 were taken. Also, if the fingers were moving it would show an obvious blur but it does not.

Next, the state wholly failed to prove the essential elements necessary for conviction in Counts 1 and 2 of the indictment (alleging that the girls depicted were masturbating - which they were not). And to depict those photos to photos of horses in obvious movement of racing is absurd, which is what Dallas Fifth District has done.


In second issue Dallas Fifth District claims that the complaint differs from the one raised at trial from my attorney Robert Carl Richardson Jr., although it is not.

The issue presented was the court erred in allowing the state's so-called "expert witness" to testify to the jury, subsequent to a timely defense objection after a Daubert/Kelly hearing outside the presence of the jury.

He did in fact present that issue to Dallas Fifth District Court of Appeals, only in slight different words to help explain the error in which the courts has made. To say that the issue is waived for a small change of words is not legal, causing the issue to be re-looked at.

This PDR overrules the Notice of Affirmance of my Conviction.

If one is to say this PDR is not to be reviewed because of a rule of format I must remind you of the definition of, Petition: A solemn, earnest request, or entreaty. And, Discretionary: The freedom to make decisions, or quality of being discreet. (Webster's New World Dictionary Second Edition)

No one has legal right under the constitution of the United States to force multifarious ammounts of rules to someone's freedom to make the decision of an earnest entreaty. As page 3 says of Notice from Dallas Fifth District — (when penal code does not define word, we "turn to the common, ordinary meaning of that word")

PDR filed and carbon copied this 26th day of June, 2015
Signed: Jacob Lane Ravan

Affirmed and Opinion Filed June 2, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01310-CR

### JACOB LANE ROWAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

## On Appeal from the 397th Judicial District Court
## Grayson County, Texas
## Trial Court Cause No. 063943

# MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Jacob Lane Rowan appeals his convictions for six counts of possession of child pornography. After the jury found him guilty, the trial court assessed punishment at ten years in prison and a $250 fine for each offense. The trial court ordered the first five sentences to run consecutively and the last ten-year sentence (assessed for count 6) to run concurrent with the ten-year sentence assessed for count 5. In two issues, appellant claims the evidence is insufficient to support his convictions and the trial court erred by allowing an expert witness to testify. We affirm.

When fifteen-year-old S.H received a sexually explicit text and photograph on her cell phone, she told her father who immediately took the phone to the Dennison police. They obtained a search warrant and determined the phone belonged to appellant's stepmother but was

used by appellant. After appellant's arrest, a forensic examination of his cell phone revealed nearly 400 sexually explicit images of people, about 100 of which were children. Appellant was then charged with possession of child pornography.

In his first issue, appellant claims the evidence is legally insufficient to support his convictions. Under this issue, appellant argues the State failed to prove exhibits 4 and 5 depicted under-age girls masturbating because they are still photographs which are "incapable of illustrating masturbation, since masturbation requires **movement**." Likewise, he claims the State failed to prove the other four photographs (exhibits 6 through 9) were lewd.

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony and therefore, is free to accept or reject any or all evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We do not engage in a second evaluation of the weight and credibility of the evidence but "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

A person commits an offense if he intentionally or knowingly possesses visual material that visually depicts, and he knows it visually depicts, a child younger than eighteen years of age at the time the image of the child was made and the child in the visual material is engaging in sexual conduct, including masturbation and lewd exhibition of the genitals. TEX. PENAL CODE ANN. §§ 43.25(a)(2), 43.26(a) (Vernon 2011 & Supp. 2014). In determining whether a visual depiction of a child is lewd, courts should consider whether (1) the focal point of the visual

–2

depiction is the child's genitalia, (2) the place or pose of the child in the photograph is sexually suggestive, (3) the child is depicted in an unnatural pose or inappropriate attire, (4) the child is fully or partially clothed or nude, (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, or (6) the visual depiction is intended or designed to elicit a sexual response in the viewer. *See Alexander v. State*, 906 S.W.2d 107, 110 (Tex. App.—Dallas 1995, no pet.). In determining whether a visual depiction of a child depicts masturbation, we rely on the plain meaning of the words used and consider whether the photograph depicts a child stimulating or manipulating genitals by manual or bodily contact exclusive of sexual intercourse. *See Williams v. State*, 270 S.W.3d 140, 146 (Tex. Crim. App. 2008) (when penal code does not define word, we "turn to the common, ordinary meaning of that word"); WEBSTER'S 3RD NEW INT'L DICTIONARY 1391 (1993).

The indictment stated and the jury charge provided that appellant intentionally and knowingly possessed visual material that visually depicted a child younger than 18 years at the time the image was made engaging in sexual conduct, namely masturbation and actual lewd exhibition of genitals. With regard to the State's exhibit 4 and 5, the first color photograph depicts a young girl from her head to her knees. In the photograph, the girl is nude except for a bead bracelet and cloth necklace, and she looks directly into the camera. The image, taken from an area below her knees, focuses on her genitalia. Her right middle finger appears to be touching her clitoris. The second color photograph is a close up photograph depicting the hands of a young female, also manipulating her genitals. The jury viewed these photographs and concluded they depicted young girls engaging in sexual conduct, specifically masturbation.

The State's exhibits 6 through 9 are also color photographs. The focal point of each image is the young female's genital area. None of these four photographs shows the child's face. In each image, the portion of the child visible in the photograph is nude. Each child is in an

–3–

unnatural or inappropriate pose, often squatting over a camera. The images are not artistic or inadvertent; rather, they are clearly intended or designed to elicit a sexual response in the viewer. After viewing these photographs, the jury concluded they depicted young girls engaging in sexual conduct, specifically the lewd exhibition of genitals.

We have reviewed the State's exhibits 4 through 9 and considered appellant's arguments on appeal. After doing so and after considering the applicable law, we conclude a rational jury could find that the six images are pornographic and that appellant is guilty of possession of child pornography as alleged in the indictment and set out in the jury charge. In reaching this conclusion, we reject appellant's argument that the still photographs are incapable of depicting masturbation because such action "requires movement." Photographs of race horses crossing the finish line, swimmers competing in a swimming meet, or marathon runners during a race clearly depict movement although they are still photographs. We likewise reject appellant's argument that the images are not lewd because the State failed to prove who took the photographs and what the person's intent was. The four images contained in the State's exhibits 6 through 9 depict nude children, in unnatural poses, and the focal point of the each image is the child's genitalia. The jury considered this and necessarily concluded the photographs were intended or designed to elicit a sexual response in the viewer. We conclude appellant's arguments lack merit. We overrule appellant's first issue.

In his second issue, appellant contends the trial court erred by allowing the State's expert witness, Catherine Strain, to testify that the children depicted in the six photographs were younger than eighteen years of age at the time the photographs were taken. He claims Strain's testimony was irrelevant and could not have benefited the jury because he did not challenge the State's assertion that the girls depicted in the six photographs were minors. This complaint differs from the one he raised at trial; after the State offered Strain as an expert witness, appellant

–4

objected because Strain was "not qualified" and her opinions were "unreliable." If a party asserts a different complaint on appeal than was made by objection at trial, the issue is waived. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Jones v. State*, 111 S.W.3d 600, 604 (Tex. App.—Dallas 2003, pet. ref'd). Because appellant's complaint on appeal does not comport with his objection below, he has waived this issue. We overrule appellant's second issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)
141310F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JACOB LANE ROWAN, Appellant

No. 05-14-01310-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 063943.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of June, 2015.