

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0456-21

---

### CARLOS ROMO, JR., Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### WEBB COUNTY

---

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, YEARY, KEEL, SLAUGHTER AND MCCLURE, JJ., joined. WALKER, J., filed a concurring opinion. NEWELL, J., concurred.

For his possession of a video that represented itself as a French nudist documentary, Appellant was convicted of possession of child pornography. The issue before us is whether the video is child pornography. The court of appeals concluded that the evidence was legally insufficient to support Appellant's conviction. But the court of appeals focused too heavily on the lack of sexual activity in the video and neglected to consider the video holistically. We hold that the video

constitutes child pornography because the jury could rationally conclude beyond a reasonable doubt that the video contained a lewd exhibition of child genitalia. We reverse the judgment of the court of appeals.

## I. BACKGROUND

### A. Facts

Following an investigation into allegations that Appellant was sexually abusing his daughter, Appellant was arrested. A DVD titled "Nudist HDV" was later discovered in his office. This DVD, entirely in French with no English subtitles, is labeled "100 percent genuine, fully-legal nudist documentary, Miss Jr. Teen Beauty Competition." The opening screen of the video has the following statements: "Portrays Nudist Life in Simplicity; Violates No Federal Laws!!; From European Camps, Clubs and Areas; Depicts Entire Families; Is Not Sexually Oriented or Adult in Nature; Documentary and Educational Material." Another screen says, "Get Many Hours of Downloadable Footage (WMV-HD Online) With a Single Membership." In the background of these opening messages, we see the apparent winner of the beauty competition with a sash across her chest as she is handed a bouquet of flowers.

The video next shows a naked woman lying on a towel beside two naked girls.[1] It then zooms out, showing a naked man standing over the girls, while what looks like naked boys stand in the distance. The scene briefly changes to a group of naked adults sitting around a table before switching back to the same younger girl.

The next scene shows two slightly older girls with towels wrapped around them. They remove the towels, revealing one naked and the other wearing only underwear. The naked girl's

---

[1] Everyone in the video is wearing shoes.

pubic hair is partially shaved. The camera then focuses on both girls walking away before switching angles to show them from the front. A naked man pats one of them on the shoulder. As both girls approach the camera, they perform a spin and place their hands on their hips before grabbing their towels again.

A later scene shows four of the young girls and one older girl standing in a line holding numbered placards. As the camera zooms out, the genitals of four of the girls are included in the frame. Most of the girls look nervous and uncomfortable. The girl who later wins the competition holds her placard in front of her genitals.

The next scene shows slightly older, partially shaved naked girls holding sashes and bouquets of flowers. The camera then focuses on three of the younger girls' bodies and faces while they are talking to each other. The video then shows the five girls in the beauty pageant holding their numbered placards. At one point, the camera angle lowers slightly to cut off the tops of the girls' heads and include their genitals. The video concludes by showing the five girls standing and holding their numbered placards, with their genitals exposed. Some look uncomfortable, and two are biting their nails. The girl who appears to be the youngest–the one with no signs whatsoever that she has entered puberty–wins the competition.

## B. Court of Appeal's Decision

On appeal, Appellant claimed the evidence was legally insufficient because the "Nudist HDV" DVD did not constitute the "lewd exhibition of the genitals" required under the child pornography statute. Because the legislature has not statutorily defined "lewd exhibition of the genitals," the court of appeals conducted a *de novo* review to determine whether the DVD constituted

child pornography.[2]  Relying on factors announced in *United States v. Dost*,[3] the court of appeals concluded that the evidence was legally insufficient to support a finding that the video depicted a lewd exhibition of the genitals.[4]

Justice Alvarez dissented.[5]  She reasoned that the focus should be on the "exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles," rather than the lasciviousness of the child photographed.[6]  Justice Alvarez determined that a rational juror could have concluded beyond a reasonable doubt that Appellant's video was a lewd exhibition of child genitalia.[7]

## II. ANALYSIS

### A. Law

When assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential

---

[2]  *Romo v. State*, 629 S.W.3d 679, 684-85 (Tex. App.–San Antonio 2021).

[3]  636 F. Supp. 828 (S.D.Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *and aff'd*, 813 F.2d 1231 (9th Cir. 1987).

[4]  *Romo*, 629 S.W.3d at 687.

[5]  *Id*. at 691 (Alvarez, J., dissenting).

[6]  *Id*. at 690 (quoting *Alexander v. State*, 906 S.W.2d 107, 110 (Tex. App.–Dallas 1995, no pet.)); *see also Perkins v. State*, 394 S.W.3d 203, 209 (Tex. App.–Houston [1st Dist.] 2012, pet. ref'd).

[7]  *Romo*, *supra* at 691 (concluding that the purpose of the film was to show naked girls by taking advantage of their "compliant natures to compile shots of them naked, placing the viewer in the position of judge over the young girls' naked bodies, and thereby "intended or designed to elicit a sexual response in a viewer who is specifically looking for videos featuring young, naked girls.").

elements of the crime beyond a reasonable doubt.[8] Appellant was charged with committing possession of child pornography.[9] A person commits the offense of possession of child pornography if he knowingly or intentionally possesses visual material that visually depicts a child younger than eighteen years of age at the time the image of the child was made who is engaging in sexual conduct and if the person knows that the material depicts such a child.[10] The sexual conduct alleged here was "lewd exhibition of the genitals," which is included in the definition of sexual conduct.[11]

The Texas Legislature has not statutorily defined "lewd exhibition of the genitals." The meaning of the phrase is a matter of law that we review *de novo*.[12] So, when determining whether any rational trier of fact could have found Appellant guilty beyond a reasonable doubt, we conduct a *de novo* review to determine whether the "Nudist HDV" DVD constitutes child pornography.[13]

Although we are not bound by them, we can consider the *Dost* factors as guidance to determine whether depictions of naked children are "lewd" for purposes of child pornography.[14] The *Dost* court listed six factors that may be used to evaluate whether a visual depiction constitutes child pornography:

---

[8] *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).

[9] In the same trial, Appellant was convicted of continuous sexual abuse of a child younger than fourteen and of indecency with a child. These convictions are not before us.

[10] TEX. PENAL CODE § 43.26(a).

[11] *See id*. §§ 43.25(a)(2), 43.26(b)(2).

[12] *State v. Bolles*, 541 S.W.3d 128, 134 (Tex. Crim. Ap. 2017).

[13] *Id*.

[14] *See id.* at 140-42.

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.[15]

Whether an image constitutes child pornography under Texas law is determined on a case by case basis, and no single factor is dispositive.[16] This determination is made based on the overall content of the visual depiction, while also considering the minor's age.[17] The focus is on whether the depiction–not the minor–brings forth the genitals or pubic area to excite or stimulate.[18]

A child does not have to be engaging in sexual activity in order for the visual depiction to be considered a "lewd exhibition of genitals."[19] In *Bolles*, the defendant was arrested for taking a cell phone picture of a nude girl from a famous painting on a library's computer screen and turning

---

[15] *Dost*, 636 F. Supp. at 832.

[16] *Bolles*, 541 S.W.3d at 142-43.

[17] *Dost*, 636 F. Supp. at 832.

[18] *United States v. McCall*, 833 F.3d 560, 563 n.4 (5th Cir. 2016); *see also United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011).

[19] *Bolles*, 541 S.W.3d at 140.

it into a zoomed-in cropped image of the child's genitals.[20] Relying on the *Dost* factors as guidance, this Court unanimously held that the magnified and cropped image of the child's genitals constituted a lewd exhibition of her genitals.[21]

## B. Application of *Dost* Factors

### 1. *Focal Point*

The court of appeals found that the video "does not focus on the children's genital or pubic area."[22] There are multiple instances where the camera includes views of the girls' genitals, and some in which the camera angle shifts to cut off the tops of the heads to include the a view of the girls' genitals, but it is accurate to say that the video does not focus specifically on the genitals.

### 2. *Sexually Suggestive Setting*

The court of appeals noted that the video takes place outdoors in a grassy, picnic area, and there is no sexual activity depicted in the video.[23] It is true that the setting of the video outside is not normally associated with sexual activity and, except for the two girls twirling with their hands on their hips, the girls' poses do not suggest sexual activity.

---

[20] *Id*. at 130-31.

[21] *Id*. at 143-44 (reasoning that the child's genital area was the focal point of the cropped image; it could be viewed as unnatural and sexually suggestive because the image is of only the child's genital area; the image is of a child who was at least partially nude; it could be presumed that the visual depiction suggested sexual coyness or a willingness to engage in sexual activity because the image was manipulated; and the defendant's manipulated image appeared to have been intended and designed by the defendant "to elicit a sexual response in the viewer.").

[22] *Romo*, 629 S.W.3d at 686.

[23] *Id*.

### 3. *Unnatural Pose/Inappropriate Attire*

The court of appeals said that none of the girls' positions were unnatural, but the court did not address whether their attire was inappropriate considering the age of the children.[24] All of the girls in the competition were naked. This is "inappropriate attire" considering that the girls are all underage but old enough to be aware that being clothed is the norm.

### 4. *Clothed or Nude*

The court of appeals acknowledged that the "majority of the girls in the video are fully nude."[25] It also noted that at least one girl can be seen wearing bottoms and others sometimes used towels to cover themselves.[26]

### 5. *Sexual Coyness*

The court of appeals was correct in saying that none of the girls engage in sexual activity, they appear casual when talking to each other, and they appear shy or uncomfortable when being interviewed by the cameraman.[27] Except for the two girls twirling for the camera, there is nothing that might be considered sexual coyness.

### 6. *Designed to Elicit Sexual Response in Viewer*

The court of appeals noted the information and legal warnings that appear at the beginning

---

[24] *Id*. at 687.

[25] *Id.*

[26] *Id*.

[27] *Id*.

of the video.[28]  It said that none of the visual images or intonation of the voices appear out of the ordinary.  The court was not wrong about this.

But what the court did not take into account is the context of the video.  *Dost* pointed out that in determining whether the combined effect of the setting, attire, pose, and emphasis on genitals is designed to elicit a sexual response in the viewer, the relevant viewer is "perhaps not the 'average viewer,' but perhaps the pedophile viewer."[29]  Justice Alavarez made this point in her dissent.

> Several federal courts have recognized that a photograph is lascivious when "the photographer array[s] it to suit his particular lust," noting that 'lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles.'[30]

The lower court did not consider whether the video was designed to elicit a sexual response in a pedophile.

The video is not what one would normally think of as child pornography.  There are no sex acts or close-ups of genitals.  It is not overtly "nasty."  But the video's exhibition of naked girls does appear to be designed to elicit a sexual response in a viewer who is specifically looking for videos featuring young, naked girls.

And it is a "beauty competition."  Rightly or wrongly, beauty pageants have sometimes been seen as objectifying women.  But at least sometimes, character traits, talent, and such are considered in combination with physical beauty.  Not so here.  There is no suggestion that the girls will be

---

[28]  *Id.*

[29]  *Dost*, 636 F. Supp. at 832.

[30]  *Romo*, 629 S.W.3d at 690 (Alvarez, J., dissenting) (quoting *Alexander v. State*, 906 S.W.2d 107, 110 (Tex. App.—Dallas 1995, no pet).

judged for talent, personality, or anything other than their naked bodies. And they are children. We do not know who they are or where their parents are, but at least in this country, they are too young to have made a voluntary choice to appear naked in front of adults.

We agree with Justice Alavarez's summary.

> [The children] appear uncomfortable at times as participants who have been volunteered for a strange, misplaced, sexually uncanny pageant. The artifice is apparent and not at all natural. The exhibition of young female forms in the video does in fact appear to be intended or designed to elicit a sexual response in a viewer who is specifically looking for videos featuring young, naked girls.[31]

The evidence is sufficient to support Appellant's conviction for possession of child pornography.

## III. CONCLUSION

We reverse the court of appeal's judgment and remand the case to the trial court to reinstate Appellant's conviction and sentence for possession of child pornography.

Filed: June 15, 2022

Publish

---

[31] *Id.*